1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SCOTT JOHNSON,                        No.  2:14-cv-0871 KJM CKD

12                 Plaintiff,

13        v.                               FINDINGS AND RECOMMENDATIONS

14   ANDREW BAUER,

15                 Defendant.

16

17        Presently before the court is plaintiff's motion for default judgment.  This matter was

18   submitted without oral argument.  The undersigned has fully considered the briefs and record in

19   this case and, for the reasons stated below, will recommend that plaintiff's motion for default

20   judgment be granted.

21        Plaintiff is a permanently disabled wheelchair user.  Defendant operates a car wash

22   located in Citrus Heights, California.  The complaint alleges that plaintiff visited the subject

23   establishment in November, 2013 and encountered architectural barriers which denied him full

24   and equal access.

25        The record reflects that defendant Andrew Bauer was properly served with process by

26   personal service on April 11, 2014.  Default was entered on June 12, 2014.  Plaintiff thereafter

27   filed a motion for default judgment with a proof of service reflecting service of the motion on

28   defendant.  Plaintiff seeks an entry of default judgment in the amount of $4,000 pursuant to

1   California Civil Code section 52(a)[1] and attorney's fees and costs in the amount of $2,290.00 as

2   well as injunctive relief.[2]

3        Entry of default effects an admission of all well-pleaded allegations of the complaint by

4   the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court

5   finds the well pleaded allegations of the complaint state a claim for which relief can be granted.

6   Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The memorandum of points and

7   authorities and affidavits filed in support of the motion for entry of default judgment also support

8   the finding that plaintiff is entitled to the relief in the form of statutory damages, attorney's fees

9   and injunctive relief requested in the prayer for default judgment, which does not differ in kind

10   from the relief requested in the complaint.  Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert.

11   denied, 419 U.S. 832 (1974).  Plaintiff is entitled to statutory damages for each "offense," i.e.,

12   each obstructed visit.  See Lentini v. Cal. Ctr. for the Arts, 370 F.3d 837, 847 (9th Cir. 2004); see

13   also Feezor v. DeTaco, Inc., 431 F.Supp.2d 1088 (S.D. Cal. 2005).  The amount of attorney's fees

14   requested by plaintiff is reasonable.  With respect to plaintiff's claim for injunctive relief, the

15   court finds that defendant has failed to provide an accessible parking space, accessible door

16   hardware, accessible drinking fountain, accessible counter and an accessible restroom mirror, as

17   required by 28 Code of Federal Regulations, Part 36, Appendix D, ("ADAAG").  There are no

18   policy considerations which preclude the entry of default judgment of the type requested.  See

19   Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986) (factors that may be considered by the

20   court are possibility of prejudice to the plaintiff, merits of plaintiff's substantive claim,

21   sufficiency of the complaint, sum of money at stake in the action; possibility of a dispute

22   concerning material facts; whether the default was due to excusable neglect, and strong policy

23   underlying the Federal Rules of Civil Procedure favoring decisions on the merits).

24   /////

25

26   [1]  The Unruh Civil Rights Act provides, in relevant part, for a minimum statutory damage amount of $4,000 per violation.  Cal. Civ. Code § 52(a).

27

28   [2]  Plaintiff seeks injunctive relief requiring defendants to remove identified architectural barriers only to the extent such alterations are readily achievable.

1    Accordingly, IT IS HEREBY RECOMMENDED that:

2    1.  Plaintiff's motion for default judgment (ECF No. 7) against defendant be granted;

3    2.  Plaintiff be awarded statutory damages in the amount of $4,000.00 and attorney's fees

4 and costs in the amount of $2,290.00, for the total sum of $6,290.00.

5    3.  Plaintiff be granted an injunction requiring defendant to provide readily achievable

6 property alterations to the property known as "Bauer's Car Wash" a facility located at 5927 San

7 Juan Ave., Citrus Heights, California that consist of the following, all in accordance with the

8 Americans With Disabilities Act of 1990 (ADA) and the Americans With Disabilities Act

9 Accessibility Guidelines (ADAAG) contained in 28 Code of Federal Regulations Part 36,

10 Appendix D:  an accessible reserved handicapped parking space (ADAAG 4.1.2), accessible door

11 hardware (ADAAG 4.13.9), accessible drinking fountain (ADAAG 4.15), accessible counter

12 (ADAAG 7.2), and accessible restroom mirror (ADAAG 4.19.6).

13    4.  The Clerk of Court be directed to close this case.

14    These findings and recommendations are submitted to the United States District Judge

15 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

16 after being served with these findings and recommendations, any party may file written

17 objections with the court and serve a copy on all parties.  Such a document should be captioned

18 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

19 within the specified time may waive the right to appeal the District Court's order.  Martinez v.

20 Ylst, 951 F.2d 1153 (9th Cir. 1991).

21 Dated:  July 15, 2014

22

23                          CAROLYN K. DELANEY
                           UNITED STATES MAGISTRATE JUDGE

24

25

26 4 johnson-bauer.def

27

28